# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 2:06CR22

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **ORDER FOR** |
| ) | **DISTRIBUTION OF** |
| JAMES MARCUS GEORGE, JR. ) | **AVAILABLE PRIVATE FUNDS** |
| ) | |

**WHEREAS,** Raquel K. Wilson was appointed as counsel for the defendant by the undersigned on August 16, 2006. At that time, the defendant presented an affidavit requesting that he be appointed counsel. In the affidavit, the defendant reported that he had a savings account at Mountain Federal Credit Union in Cherokee, North Carolina in which the defendant had deposits in an approximate amount of $10,000.00.

The standards to establish indigency and thus eligibility for the appointment of counsel are set forth in Volume VII of the Guide to Judiciary Policy and Procedures, Chapter II, Rule 2.04. A portion of that Rule reads as follows:

> Partial Eligibility. If a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide him and his dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the Act and should direct him to pay the excess funds to the Clerk of the Court at the time of such appointment or from time to time thereafter. Such funds shall be held subject to the provisions of Subsection (f). The judicial officer may increase or decrease the amount of such payments, and impose such other conditions from time to time as may be appropriate. With respect to the disposition of such funds, refer to paragraph 2.22E of these Guidelines.

It appears to the undersigned that the defendant's net financial resources and his income anticipated prior to trial are in excess of the amount needed to provide him and his dependents with the necessities of life. The defendant has no dependants and resides with his father. The defendant has on deposit the sum of $10,000.00 in savings. Those funds are insufficient to pay fully for retained counsel but should be used to pay for the services of his appointed counsel. The undersigned finds that the funds are available from or on behalf of the defendant for payment of compensation and expenses for court appointed counsel and for other services necessary for adequate representation and that the defendant is able to make partial payment for representation or for other services necessary for adequate representation.

IT IS, THEREFORE, **ORDERED** that Mountain Federal Credit Union in Cherokee, North Carolina is hereby authorized and directed to pay the entire sum of money in the account at said credit union in the name of the defendant to the Clerk of the United States District Court for the Western District of North Carolina and that such funds be used by the Clerk to pay for the costs and expenses of court appointed counsel and that thereafter the funds shall be disposed of as provided by Volume VII of the Guide to Judiciary Policies and Procedures, Chapter II, Rule 2.22E. It is further **ORDERED** the United States Marshal serve a copy of this order upon Mountain Federal Credit Union and that Mountain Federal Credit Union pay such funds to the Clerk of the United States District Court within ten (10) days from such service.

Signed: August 23, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge