# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:06CR22

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| JAMES MARCUS GEORGE, JR. ) | |

**THIS MATTER** is before the Court on the response of the Federal Defender to the Order filed June 20, 2007.

The Defendant requested court-appointed counsel but he owned a bank account in which he had $10,000 on deposit. The Magistrate Judge entered a written order finding that the amount on deposit was not sufficient to retain private counsel and thus, the Defendant was entitled to appointed counsel. **Order, filed August 23, 2006.** However, the Magistrate Judge required the Defendant to reimburse the Government for the cost of counsel from those funds. *Id.*; *see, e.g.,* 18 U.S.C. § 3006A **(If at any time before or after the appointment of counsel under the statute, the magistrate judge or district court finds that the person for**

**whom counsel was appointed is financially able to make partial payment for the representation, it may authorize payment as provided in the statute.).** As a result of that ruling, the bank funds were deposited with the Clerk of Court where they remain. ***United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978) ("Clearly, the reimbursement statute, which was duly enacted to carry out salutary policies . . ., creates a constitutionally proper ground for depriving a financially able defendant of available funds which, in fairness, should be remitted to the public coffers.").**

The Defendant was sentenced by the undersigned on April 30, 2007. The written judgment does not contain an instruction concerning the payment of court-appointed counsel fees. **Judgment in a Criminal Case, filed May 9, 2007, at 4.** However, the Order of the Magistrate Judge remains of record; nor did the Defendant at any time move the undersigned to reconsider that ruling.

The Defendant cites cases holding that where an oral pronouncement of sentencing and a written judgment are in conflict, the oral pronouncement controls. And, he notes cases holding that when the sentencing omits an item from the judgment, it may not later be added.

These cases are inapposite. Here, there is a prior written ruling by the Magistrate Judge. The fact that it was not referenced in the Judgment of conviction does not moot that ruling. Unlike the cases cited, it is not a matter of a discrepancy between what the undersigned said at sentencing and what was included in the written judgment. And the Defendant has not cited any case law holding that the Magistrate Judge's ruling became null. Nor did the Defendant ever appeal that order. **United States v. Johnson, 138 F.3d 115, 118 n.4 (4th Cir. 1998) ("[T]he mandate rule precludes relitigation of issues expressly or impliedly . . . waived because not presented in the district court.").** Contrary to the Defendant's position, a reimbursement order may issue within a reasonable time *after* entry of the judgment on the charges against the Defendant. **United States v. Durka, 490 F.2d 478 (7th Cir. 1973); Hanson v. Passer, 13 F.3d 275 (8th Cir. 1994); United States v. Peck, 62 F. App'x 561 (6th Cir. 2003).** Thus, the Court could at this time enter such an order. And, the Fourth Circuit has held that

> [i]n addition to imposing eleven months confinement, the district court's revocation order . . . stated that the unpaid portions of Johnson's fine and reimbursement costs for his court appointed counsel "remain in effect." Johnson argues that the district court could not reimpose those obligations in the written

> judgment order revoking Johnson's supervised release when it failed to reimpose them in open court in the revocation hearing. We find that those obligations existed regardless of the court's statements in the revocation hearing or written order.

**Johnson, supra, at 120 (internal citations omitted).** Likewise, in this case, the obligation existed by virtue of the Magistrate Judge's ruling regardless of what was stated at sentencing or what is included in the written judgment.

**IT IS, THEREFORE, ORDERED** that the undersigned adopts the Order of the Magistrate Judge entered August 23, 2006;

**IT IS FURTHER ORDERED** that the Clerk of Court shall reimburse the Federal Defenders of Western North Carolina, Inc., the sum of $3,280.00 from the proceeds held on account;

**IT IS FURTHER ORDERED** that if the $100 assessment has not been paid, the Clerk of Court make such payment from the proceeds held on account;

**IT IS FURTHER ORDERED** that the Clerk of Court shall distribute any remaining funds to the Defendant in care of his counsel.

5

Signed: September 7, 2007

Lacy H. Thornburg
United States District Judge